UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HEMAL BHAGAT,

    Defendant.
_____/

Criminal Case No. 13-CR-20039-3
Civil Action No. 17-CV-13169

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to correct his sentence [docket entry 265]. Pursuant to E.D. Mich. LR 7.1(f)(1), the Court shall decide this motion without a hearing.

In August 2013, defendant, a non-U.S. citizen, pleaded guilty under 18 U.S.C. §§ 1347 and 1349 to conspiracy to commit health care fraud. In November 2016, the Court sentenced him to 30 months imprisonment and entered an order of removal.

Under § 2255(a), a federal prisoner

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

At the outset, the Court notes that defendant's request is not premised on alleged constitutional violations, jurisdictional deficiencies, or a sentence in excess of the maximum authorized by law. Rather, defendant's request is premised on the notion that his sentence is simply

unfair. This is not a cognizable claim. But for the sake of thoroughness, the Court will address it on the merits.

First, defendant argues that the BOP wrongfully designated him to a "private for-profit prison" rather than a "BOP facility." He argues that if he was placed in a BOP facility he would have access to an "Institution Hearing Program" ("IHP"). Under the IHP, imprisoned deportation-bound aliens have their deportation hearing in prison so that they can be immediately deported when they complete their sentence, rather than spend months in an immigration detention facility. Defendant argues that this failure violates BOP policy.

Second, in the alternative, defendant requests that the Court reduce his sentence to account for the time he believes he will spend in detention upon his release. Defendant admits that prospective detention is not technically part of his sentence, but argues that the Court should consider it as such. He requests that the Court modify his sentence to mirror his co-defendant Shah's sentence.

Regarding the IHP program, defendant has already consented under 8 U.S.C. § 1228(c)(5) to deportation after he serves his term of imprisonment, he has waived his rights to a deportation hearing, and the Court has entered an order of removal.[1] Thus, because defendant will have no deportation hearing, he would not benefit from the IHP. Also, insofar as defendant challenges the BOP's decision of *where* he is imprisoned, this decision is entirely within the discretion of the BOP, not the Court. *See* 18 U.S.C. § 3621(b) (stating that the BOP alone

---

[1] Section 1228(c)(5) states:

> The United States Attorney, with the concurrence of the Commissioner, may, pursuant to Federal Rule of Criminal Procedure 11, enter into a plea agreement which calls for the alien, who is deportable under this chapter, to waive the right to notice and a hearing under this section, and stipulate to the entry of a judicial order of removal from the United States as a condition of the plea agreement . . . . The United States district court . . may accept such a stipulation and shall have jurisdiction to enter a judicial order of removal . . . .

2

"designate[s] the place of the prisoner's imprisonment"). Access to the IHP is a privilege, not a right; and whether to allow it is a question for the BOP, not the Court. The Court cannot order the BOP to transfer defendant.

As for alternatively reducing defendant's sentence, he argues that imprisoning him for 30 months with the likelihood of subsequent immigration detention is unreasonable. Again, as the Court has already entered an order of removal, the subsequent-immigration-detention concern is moot. But even if defendant had not waived his right to a deportation hearing, this sentence is reasonable for the reasons the Court articulated under 28 U.S.C. § 3553 at the sentencing hearing. Defendant's arguments fail to show that the Court's sentence is unreasonable. Indeed, the Court sentenced co-defendant Shah to 39 months imprisonment, while it sentenced defendant to only 30 months. And even if, as defendant argues, Shah will be released earlier than defendant for good behavior, using defendant's calculations, their sentences will still differ by only a few months. This is not enough to declare defendant's sentence unreasonable.

Accordingly,

IT IS ORDERED that defendant's motion under § 2255 is denied.


Dated: December 14, 2017      s/Bernard A. Friedman
       Detroit, Michigan        BERNARD A. FRIEDMAN
                                   SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2017.

                                     s/Johnetta M. Curry-Williams
                                     Case Manager